1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10
11

RAYMOND W. LONDON, on Behalf of
Himself and Al Others Similarly Situated,

CASE NO. 08-CV-1173 H (CAB)

12

Plaintiff,

**ORDER DENYING IN PART &
GRANTING IN PART
DEFENDANTS' MOTIONS TO
DISMISS PLAINTIFF'S FIRST
AMENDED COMPLAINT**

13

vs.

14
15
16

NEW ALBERTSON'S, INC.;
CERBERUS CAPITAL
MANAGEMENT (CALIFORNIA), LLC;
and SAVE MART SUPERMARKETS,

17

Defendant.

18
19

On July 28, 2008, Plaintiff Raymond London filed his first amended complaint ("FAC")

20

on behalf of himself and the Class against Defendants alleging: (1) violation of the

21

confidentiality of the California Medical Information Act, California Civil Code § 56, et seq.;

22

(2) breach of unilateral contract; (3) breach of implied covenant of good faith and fair dealing;

23

(4) suppression of fact; (5) breach of privacy; (6) unjust enrichment; (7) trespass to personality;

24

(8) violation of California Unfair Competition Law, California Business and Professional Code

25

§ 17200, et seq.; and (9) violation of the Consumers Legal Remedies Act, California Civil

26

Code § 1750.   Presently before the Court is Defendant Cerberus Capital Management

27

(California), LLC's motion to dismiss the FAC and Defendant New Albertson's, Inc. motion

28

to dismiss the FAC, in which Cerberus joins. (Doc. Nos. 18 & 19.) For the following reasons,

the Court grants in part and denies in part Defendants' motions and dismisses without prejudice all claims against Cerberus Capital Management (California), LLC and New Albertson's, Inc.

### **Background**

Plaintiff's suit is based on the alleged sale of pharmacy customer prescription information to data mining companies ("DMCs") who use that information for marketing purposes. Plaintiff alleges that the Defendants in this action "cooperatively own, manage and operate retail pharmacy operations in California" that engage in this activity. (FAC ¶ 4.) Plaintiff alleges DMCs purchase prescription information from Defendants via their pharmacies. DMCs install software on the pharmacies' mainframe computer servers that captures and collates patient prescription information as it is transferred to the DMCs off site computer servers. (Id. ¶ 15.) The software installed on Defendants' computers de-identifies the prescription information and assigns a number to each patient to allow correlation of that information without individually identifying patients. (Id.) Plaintiff alleges in conclusory fashion that this process inadequately de-identifies patient information. (Id. ¶ 12.) Once DMCs harvest this de-identified data, they combine it with prescriber reference information and sell this information to pharmaceutical companies, who in turn use it to structure drug marketing programs directed at physicians. (Id. ¶¶ 15–17.)

With respect to Cerberus Capital Management (California), LLC ("Cerberus California"), Plaintiff's claim is based on the belief that, at times relevant to the litigation, Cerberus California, "either directly or by its parent company, owned, assumed by contract and/or was responsible for, certain of the pharmacy units conducting the activities alleged herein as improper . . . ." (FAC ¶ 30.) Plaintiff believes that Defendant Cerberus California or its affiliated entities "acquired some or all liabilities arising out of this litigation." (Id.)

Defendant Cerberus California moves to dismiss the FAC on the grounds that it is merely an "affiliate" of Cerberus Capital Management, L.P., a New York based private equity firm involved in the corporate reorganization of Albertson's. (Doc. No. 19 at 1.) Cerberus California states that it has never held a direct or indirect interest in Albertson's. (Id.)

1    Defendant New Albertson's, Inc. moves to dismiss the FAC under Federal Rules of

2    Civil Procedure 12(b)(6) for failure to state a claim, 9(b) for failure to plead fraud with

3    particularity, and 12(b)(1) for lack of subject matter jurisdiction.  (Doc. No. 18, Notice of

4    Motion at 2.)  Cerberus California joins in New Albertson's motion to dismiss.  (Doc. No. 19,

5    Notice of Motion at 2 n.1.)

6                                              **Discussion**

7    **I.   Legal Standard for Motion to Dismiss Pursuant to Rule 12(b)(6)**

8        A motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) tests

9    the legal sufficiency of the claims asserted in the complaint.  Navarro v. Black, 250 F.3d 729,

10   731 (9th Cir. 2001).  A complaint generally must satisfy only the minimal notice pleading

11   requirements of Federal Rule of Civil Procedure 8(a)(2) to evade dismissal under a Rule

12   12(b)(6) motion.  Porter v. Jones, 319 F.3d 483, 494 (9th Cir. 2003).  Rule 8(a)(2) requires that

13   a pleading stating a claim for relief contain "a short and plain statement of the claim showing

14   that the pleader is entitled to relief."  The function of this pleading requirement is to "give the

15   defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Conley v.

16   Gibson, 355 U.S. 41, 47 (1957).  "While a complaint attacked by a Rule 12(b)(6) motion to

17   dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the

18   'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a

19   formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v.

20   Twombly, --- U.S. ----, 127 S.Ct. 1955, 1964–65 (2007).  "Factual allegations must be enough

21   to raise a right to relief above the speculative level."  Id. at 1965 (citing 5 C. Wright & A.

22   Miller, Federal Practice and Procedure § 1216, pp. 235–36 (3d ed. 2004)).  "All allegations

23   of material fact are taken as true and construed in the light most favorable to plaintiff.

24   However, conclusory allegations of law and unwarranted inferences are insufficient to defeat

25   a motion to dismiss for failure to state a claim." Epstein v. Wash. Energy Co., 83 F.3d 1136,

26   1140 (9th Cir.1996); see also Twombly, 127 S.Ct. at 1964–65.

27       "Generally, a district court may not consider any material beyond the pleadings in ruling

28   on a Rule 12(b)(6) motion." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542,

1555 n .19 (9th Cir.1990). The court may, however, consider the contents of documents specifically referred to and incorporated into the complaint. Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir.1994).

**A. Defendant Cerberus California's Motion to Dismiss the First Amended Complaint Pursuant to Rule 12(b)(6)**

With respect to Cerberus California's liability, Plaintiff's first amended complaint alleges the following fact: "At time material hereto Cerberus, either directly or through its parent company, owned, assumed by contract and/or was responsible for, certain of the pharmacy units conducting the activities alleged herein as improper . . . ." (FAC ¶ 30.)

Cerberus California moves for dismissal arguing that Plaintiff relied upon public filings incorporated into the first amended complaint which do not specifically mention Cerberus California. (Doc. No. 19 at 2.) In evaluating a motion to dismiss, a court may consider evidence on which the complaint "necessarily relies" as long as: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion. Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006). In this case, Plaintiff's First Amended Complaint does indeed refer to public SEC filings to support its claim against Cerberus California. (FAC. ¶ 30.) Plaintiff has not challenged the authenticity of the copy of those filings attached to Cerberus California's Motion to Dismiss. Plaintiff apparently relies on SEC filings to link Defendant Cerberus California to the allegedly illegal activity. The SEC filings are therefore "central to the [P]laintiff's claim" against Cerberus California.

However, the SEC filings do not conclusively prove that Cerberus California is not liable. The "Purchase and Separation Agreement" referenced by Plaintiff merely indicates that Cerberus Capital Management, L.P. was involved in the Albertson's corporate reorganization and indirectly owned an interest in Albertson's. (Doc. No. 19, Baim Decl. ISO Mot. to Dismiss Ex. B at 4.) That the filings do not specifically mention Cerberus California is not dispositive as to its involvement with Albertson's. The filings do not explain the relationship between

Cerberus Capital Management, L.P. and Defendant Cerberus California.  At this stage, the Court may not rely on Defendant's pleadings and declarations.  <u>Marder</u>, 450 F.3d at 448.  The Court is therefore unable to conclude that Cerberus California is sufficiently separate from Cerberus Capital Management, L.P. and had no dealings with Albertson's.  Such arguments are properly addressed at summary judgment.  For now, Plaintiff alleges that Cerberus California owned, assumed by contract or responsible for pharmacy units which engaged in illegal activity.  The filings incorporated into Plaintiff's first amended complaint do not expressly contradict that allegation.  Assuming all facts and inferences in Plaintiff's favor, Plaintiff's allegations of Cerberus California's involvement are sufficiently plausible to satisfy the <u>Twombly</u> standard.  127 S. Ct. at 1960.

The Court therefore denies Defendant Cerberus California's motion to dismiss the FAC.

**B.    Defendant New Albertson's Motion to Dismiss the First Amended Complaint pursuant to Rule 12(b)(6)**

New Albertson's, with Cerberus California joining, moves to dismiss all nine causes of action in the FAC for failure to state a claim upon which relief can be granted.

**1.    CMIA Claim**

Plaintiff's first claim in the FAC is for a violation of the Confidentiality of Medical Information Act.  The CMIA provides that "[n]o provider of health care, health care service plan, or contractor shall disclose medical information regarding a patient of the provider of health care or an enrollee or subscriber of a health care service plan without first obtaining an authorization, except as provided in subdivision (b) or (c)." CA. CIV. CODE § 56.10 (West 2007). The CMIA also provides that "[e]xcept to the extent expressly authorized by the patient . . . no provider of health care . . . shall intentionally share, sell, use for marketing, or otherwise use any medical information for any purpose not necessary to provide health care services to the patient." <u>Id</u>. § 56.10(d).  The CMIA contains a final prohibition on disclosure without express authorization, stating, "no contractor or corporation and its subsidiaries and affiliates shall further disclose medical information regarding a patient of the provider of health care .

. . received under this section to any person or entity that is not engaged in providing direct health care services to the patient." Id. § 56.10(e).

Medical information is defined under the CMIA as "any individually identifiable information, in possession of or derived from a provider of health care . . . regarding a patient's medical history, mental or physical condition, or treatment." CA. CIV. CODE § 56.05(g) (emphasis added). Individually identifiable information is "medical information includ[ing] or contain[ing] any element of personal identifying information sufficient to allow identification of the individual, such as the patient's name, address, electronic mail address, telephone number, or social security number, or other information that, alone or in combination with other publicly available information, reveals the individual's identity." Id. Providers of health care include pharmacies and pharmacists. Id. § 56.05(j); CAL. BUS. & PROF. CODE §§ 4000, et seq. (West 2003).

The issue here is whether Plaintiff has alleged sufficient facts to support a claim under the CMIA. Plaintiff alleges in conclusory fashion in the FAC that Defendants' "shared use with, and/or sale of Plaintiff and the Class' prescription information to, data mining companies such as IMS and Verispan without first sufficiently anonymizing patient confidential information and data sets. (FAC ¶ 52.) Plaintiff alleges that Defendants failed to seek or retain authorization from Plaintiff and the Class before intentionally selling, sharing, using or disclosing the proprietary prescription information of Plaintiff and the Class to DMCs. (Id. ¶ 53.) The FAC alleges that Defendants' use of this information is not permitted under any exception listed in the CMIA, as the alleged disclosure is not necessary to provide health care services and the alleged disclosure is not "for the purpose of encoding, encrypting, or otherwise anonymizing such information" because the Defendants disclose the information to DMCs for marketing purposes. (Id. ¶¶ 54–55.)

Defendants attack the CMIA cause of action on several grounds. Defendants argue that the Court should disregard Plaintiffs' conclusory allegations that Defendants' inadequately de-identify prescription data. (Doc. No. 18 at 3.) This argument is supported by the absence in the FAC of an allegation detailing what individually identifiable information remains after

de-identification on the Defendants' servers.  (<u>See</u> FAC.)  The FAC also fails to allege that any Defendant or any DMC receiving information from any Defendant reverse engineered the de-identified information to create individually identifiable information.  (<u>See</u> <u>id.</u>)

The Court concludes Plaintiff's allegations of a violation of the CMIA are too conclusory.  <u>See</u> <u>Epstein</u>, 83 F.3d at 1140.   Thus the Court concludes Plaintiff's claim of prohibited disclosure of personal medical information fails to rise above a speculative level as required by Rule 8(a) to defeat a motion to dismiss.

As Plaintiff fails to allege a CMIA claim based on inadequate de-identification of confidential patient information, the remaining question is whether Plaintiff sufficiently alleges that Defendants' use and sale of de-identified information constitutes a violation of the CMIA. Plaintiff alleges that Defendants allow DMCs to install software on the Albertson's Pharmacies mainframe computer servers that captures and collates patient prescription information as it is transferred to the DMCs off site computer servers.  (FAC ¶ 15.)  This prescriber-identifiable data is then transferred to the DMCs computers where it is combined with prescriber reference information, matching each prescription to the correct prescriber to get prescriber.  (<u>Id.</u> ¶¶ 15–17.)  Plaintiff alleges that Defendants do not seek or receive authorization from Plaintiff and the Class before disclosing this prescription information to DMCs.  (<u>Id.</u> ¶ 53.)  Plaintiff alleges this is in violation of the CMIA's non-disclosure provisions.  (<u>Id.</u> ¶¶ 48–56.)

Defendants attack this claim by pointing to CMIA's definitions and long list of exceptions to non-disclosure, as well as the HIPAA Privacy Rule, and the First Amendment.  (Doc. No. 18 at 6–10).   All provisions in the CMIA that restrict the disclosure or use of patient information apply only to "medical information."  CA. CIV. CODE § 56.10(a), (d), (e). Defendants point to CMIA's definition of "medical information" as any individually identifiable information.  (Doc. No. 18 at 5 citing CA. CIV. CODE § 56.05(g).)  Because Defendants de-identify Plaintiff and the Class' information before any subsequent use, sale, or transfer to DMCs, this data is no longer "individually identifiable" and thus not "medical information" under the CMIA.  (<u>See</u> FAC ¶ 15.)  As addressed above, Plaintiffs have failed to adequately allege that Defendants did not fully de-identify medical information before

1   disclosure.  Therefore, Defendants argue the CMIA does not prohibit use or sale of such

2   de-identified information.  (Doc. No. 18 at 5.)

3          The Court concludes that by the plain language of the statute prohibiting only the

4   subsequent use or disclosure of "medical information," Plaintiff has failed to allege a claim for

5   relief under the CMIA for Defendants use and sale of de-identified information.  As a result,

6   the Court need not address at this time Defendants' alternative arguments concerning HIPAA

7   and the First Amendment.  In addition, the Court need not address at this time Defendants'

8   arguments concerning the exceptions to non-disclosure under the CMIA as these exceptions

9   govern when an entity may disclose "medical information."  Plaintiff also fails to allege that

10  Defendants have disclosed any "medical information" as Plaintiff concedes that Defendants

11  strip the individually identifiable data from their records before transmission to DMCs.  (FAC

12  ¶ 15.)

13         As the current complaint is legally deficient, the Court grants without prejudice

14  Defendants' motion to dismiss Plaintiff's CMIA claim for failure to state a claim, but with leave

15  to amend.

16  **2.     Breach of Contract Claim**

17         Plaintiff's second cause of action is for a breach of contract based on Defendants'

18  privacy notices.  In a breach of contract claim, a plaintiff must allege (1) a contract, (2)

19  plaintiff's performance, (3) defendant's breach, and (4) damages. McDonald v. John P. Scripps

20  Newspaper, 257 Cal.Rptr. 473, 475 (Cal. Ct. App. 1989).  Defendants attack the FAC on the

21  grounds that Plaintiff's contract cause of action is preempted by Federal law and in the

22  alternative the complaint fails to allege a breach and contains only general and conclusory

23  allegations of damages.  (Doc. No. 18 at 12–13.)

24         Plaintiff alleges that a unilateral contract existed between Defendants and the Class

25  members based on Defendants' express and implied representations contained in Defendants'

26  privacy notices to customers.  (FAC ¶ 58.)  Plaintiff alleges these representations included

27  promises that "Savon collects your personal information and prescription information only for

28  the fulfillment of your prescription order and to enable you to receive individualized customer

1   service beyond what we can provide to anonymous users." (Id.)  Plaintiff further alleges

2   promises that "Except as required by law, Savon.com will not sell your name, address or

3   similar personal information to third parties or permit the use of such information outside the

4   scope of the Savon.com online shopping service or Savon.com general business purposes."

5   (Id.)  The FAC contains an allegation that Defendants promised "if a state law is more

6   restrictive regarding uses and disclosures of your Protected Health Information or provides you

7   with greater rights with respect to your Protected Health Information, Albertsons will comply

8   with state law."  (Id.)  According to Plaintiff, Plaintiff and the Class did not use other

9   alternatives for filling their prescriptions, including filling their prescriptions and repositing

10  their individually identifiable medical information at other pharmacies. (Id. at ¶ 59.)  These

11  allegations are insufficient to show consideration.  (Id. ¶ 64.)

12      In addition, Plaintiff, fails to plead a breach of a contract.  The FAC alleges that Defendants

13  breached the contract by:

14          (a) allowing access to protected health information to persons and entities other than the

15          "trusted health professionals" in Albertson's Pharmacies; (b) failing to comply with the

16          relevant provisions of California law, including the CMIA, pharmacy regulations, and

17          privacy laws pertaining to the safeguarding of confidential medical information; and

18          (c) by selling Plaintiff and the Class' prescription information without written

19          authorization from Plaintiff and the Class as represented by Defendants and required

20          by the CMIA.

21  (Id. at  ¶ 60.)  Plaintiff alleges in the FAC that the Defendants violated the CMIA by

22  inadequately de-identifying medical information before disclosing it to the DMCs.  (FAC ¶¶

23  12, 15.) Defendants argue that Plaintiff has failed to allege a breach because Defendants only

24  promised to not disclose Plaintiff's individually identifying information, and made no promises

25  regarding de-identified data.  (Doc. No. 18 at 16.)

26          Because the Court concludes that Plaintiff fails to state a claim for relief under the

27  CMIA, Plaintiff similarly fails to state a claim for breach of contract.  (See CMIA Claim,

28  supra.)  Plaintiffs allege in the FAC that Defendants privacy notice promised to protect

confidential medical information in compliance with state and federal laws.  (FAC  ¶ 59.)  Thus, if Plaintiff fails to allege a violation of state law, the CMIA, he similarly fails to allege a breach of a contract promising to comply with state law, the CMIA.  As a result, the Court need not address Defendants' arguments concerning the Plaintiff's allegations regarding damages.

The Court grants without prejudice Defendants' motion to dismiss Plaintiff's breach of contract claim, with leave to amend.

### 3.    Implied Covenant of Good Faith and Fair Dealing Claim

Plaintiff's third cause of action asserts a violation of the implied covenant of good faith and fair dealing.  (FAC ¶¶ 66–72.)  California recognizes that every contract contains an implied covenant of good faith and fair dealing, "'impos[ing] upon each contracting party the duty to refrain from doing anything which would render performance of the contract impossible by any act of his own, but also the duty to do everything that the contract presupposes that he will do to accomplish its purpose.'" 1 Witkin, Summary of California Law, Contracts § 798 (10th ed. 2005).  In order to state a claim for relief on an implied covenant theory, there must first be a contractual relationship between the parties.  Id. § 800 (citation omitted).  "The essence of the good faith covenant is objectively reasonable conduct."  Id. § 801.  A breach of the implied covenant of good faith and fair dealing requires something more than a breach of the contractual duty itself.  Careau & Co. v. Security Pacific Business Credit, Inc., 222 Cal.App.3d 1371, 1394 (1990) (citations omitted). This "implies unfair dealing rather than mistaken judgment."  Id.

Defendants attack this claim on the ground that Plaintiff fails to plead the prerequisite enforceable contract, and thus their claim for a breach of the implied covenant should similarly fail.

The Court grants without prejudice Defendants' motion to dismiss the implied covenant of good faith and fair dealing claim.  As Plaintiff fails to plead facts sufficient to show a breach of a contract, Plaintiff cannot meet the pleading requirements for stating a claim for breach of the implied covenant.  The Court grants leave to amend on this claim.

### 4.    Suppression of Fact

Plaintiff's fourth cause of action claims suppression of fact under California Civil Code section 1710(3).  Suppression of fact is one type of fraudulent deceit.  "One who willfully deceives another with intent to induce him to alter his position to his injury or risk, is liable for any damage which he thereby suffers."  CA. CIV. CODE § 1709 (West 1998).  Section 1710 defines a deceit in reference to section 1710, stating it is "the suppression of fact, by one who is bound to disclose it, or who gives information of other facts which are likely to mislead for want of communication of that fact."  Id. § 1710(3).  The elements for a cause of action for fraud and deceit based on concealment are: (1) the defendant must have concealed or suppressed a material fact; (2) the defendant must have been under a duty to disclose the fact to the plaintiff; (3) the defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff; (4) the plaintiff must have been unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact; and (5) as a result of the concealment or suppression of the fact, the plaintiff must have sustained damage.  Marketing West, Inc. v. Sanyo Fisher (USA) Corp., 6 Cal.App.4th 603, 612–13 (1992).

In addition to pleading these elements, a plaintiff alleging fraud must meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b).  Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Plaintiffs must "'state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation.'"  Odom v. Microsoft Corp., 486 F.3d 541 (9th Cir. 2007) (quoting Schreiber Dist. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

Plaintiff alleges that Defendants intentionally concealed or failed to disclose material facts required to be disclosed by virtue of Defendants' privacy notice and the special relationship between pharmacies and their patients.  (FAC ¶ 74.)  Plaintiff further alleges that Defendants have a duty to reveal the entire truth of its activities and practices once communications are provided to Plaintiff and the Class regarding the uses of patient

prescription information.  (Id. ¶ 75.)  According to the FAC, Defendants failed to disclose that patient information would be de-identified, that Defendants would receive money for the sale of this information, and that Defendants would not reveal the existence of or share the financial benefit received for this use of prescription information.  (Id. ¶ 76.)  Plaintiff alleges Defendants acted with the intent to defraud and that Plaintiff and the Class would have utilized other pharmacies and not provided Defendants with personal information had they known about Defendants' activities.  (Id. ¶¶ 77–78.)  According to Plaintiff, the concealment of facts caused them damage and justifies the payment of punitive damages.  (Id. ¶ 77.)

Defendants argue Plaintiff fails to plead a claim for fraud because Plaintiff cannot establish the requisite duty, cognizable damages, causation, or any materially undisclosed information. (Doc. No. 18 at 19–20.)  Additionally, Defendants argue Plaintiff fails to plead fraud with the required specificity.  (Doc. No. 18 at 20-21.)  The Court agrees.  The FAC makes only conclusory statements that Plaintiff and the Class were generally aware of and relied upon Defendants' privacy notice and suffered damage thereof.

Accordingly, the Court grants without prejudice Defendants' motion to dismiss Plaintiff's cause of action for suppression of fact.  Plaintiff fails to plead fraud with particularity as required by Rule 9(b).  Plaintiff fails to allege with particularity the times, places, and those involved in the alleged non-disclosure of material facts.

**5.  Violation of Privacy Information under the California Constitution Claim**

Plaintiff's fifth cause of action alleges Defendants violated the privacy provision in the California Constitution.  (FAC ¶¶ 79–84.)  To claim a violation of informational privacy, a plaintiff must show (1) a legally protected privacy interest; (2) a reasonable expectation of privacy in the circumstances; and (3) conduct by the defendant constituting a serious invasion of privacy.  Hill v. National Collegiate Athletic Assn., 7 Cal.4th 1, 34–37 (1994).  Whether a claim asserts a legally protected privacy interest is a question of law; whether a reasonable expectation of privacy in the circumstances exists and whether a serious invasion occurred are mixed questions of law and fact.  Id. at 40; see also Pioneer Electronics (USA), Inc. v. Superior Court, 40 Cal.4th 360, 370 (2007).  One class of legally protected privacy interests are

"interests in precluding the dissemination or misuse of sensitive and confidential information." Hill, 7 Cal. 4th at 35. "The California constitutional right of privacy 'prevents government and business interests from (1) collecting and stockpiling unnecessary information about us and from (2) misusing information gathered for one purpose in order to serve other purposes or to embarrass us.'" Id. at 36 (citation omitted).

Plaintiff alleges he and the Class have a legally protected privacy interest in their prescription information. Plaintiff alleges he and the Class acted reasonably in expecting that their information collected for purposes of filling prescriptions would not then be de-identified and used for another purpose absent consent. (FAC ¶¶ 80–81.) Defendants argue that Plaintiff and the Class have no legally protected privacy interest in de-identified information as this de-identified information cannot be linked to individuals. (Doc. No. 18 at 21.)

The Court grants without prejudice Defendants motion to dismiss Plaintiff's cause of action for a violation of privacy information under the California Constitution. Plaintiff fails to allege a legally protected privacy interest, as the FAC alleges Defendants disclose de-identified information, not confidential medical information. (See CMIA claim discussion, supra.) While Plaintiff and the Class have a legally protected privacy interest in their own personally identifiable medical information (the information protected under the CMIA), Plaintiffs have not sufficiently alleged a violation as Plaintiffs concede that Defendants' de-identify it before transfer.

**6. Unjust Enrichment Claim**

Plaintiff's sixth cause of action is for unjust enrichment. (FAC ¶¶ 85–88.) "Unjust enrichment, the term used by plaintiff, is synonymous with restitution." Dinosaur Development, Inc. v. White, 216 Cal. App. 3d 1310, 1314 (1989) (citations omitted). "A claim for unjust enrichment requires pleading 'the receipt of a benefit and the unjust retention of the benefit at the expense of another.'" Parrish v. National Football League Players Ass'n, 534 F.Supp.2d 1081, 1100 (N.D.Cal. 2007) (quoting Lectrodryer v. Seoulbank, 77 Cal.App.4th 723, 726 (2000)). "The mere fact that a person benefits another is not in itself sufficient to require the other to make restitution therefor." Dinosaur Development, Inc., 216 Cal.App.3d

1    at 1315.

2        Plaintiff's claim for unjust enrichment rests on allegations that Defendants receive

3    payment equal to the monetary value of Plaintiff and the Class' prescription information in

4    breach of the CMIA and fiduciary duties owing to Plaintiff and the Class, including the express

5    written promises of Defendants' privacy notices.  (FAC ¶¶ 86–87.)  Defendants argue that

6    because the CMIA does not prohibit the sale of de-identified information, there is no unjust

7    enrichment.  (Doc. No. 18 at 23.)  Defendants further assert that they have not received a

8    benefit at the expense of Plaintiff and the Class, as pharmacy customers have no proprietary

9    right to de-identified prescription information and would not receive payment for their

10   individual medical information, as it has little or no intrinsic value.  (Doc. No. 18 at 23.)

11       The Court grants without prejudice Defendants' motion to dismiss Plaintiff's unjust

12   enrichment claim.  Because Plaintiff fails to plead a claim for a violation of the CMIA, breach

13   of contract, and fraud, he similarly fails to plead sufficient facts to sustain a cause of action for

14   unjust enrichment.

15   **7.    Trespass to Personality Claim**

16       Plaintiff's seventh cause of action is for trespass to personality, which is more accurately

17   characterized as a claim for trespass to chattels.  (FAC ¶¶ 89–93.)  Under California law,

18   trespass to chattels 'lies where an intentional interference with the possession of personal

19   property has proximately caused injury.'"  Intel Corp. v. Hamidi, 30 Cal.4th 1342, 1350–51

20   (2003) (quoting Thrifty-Tel, Inc. v. Bezenek, 46 Cal.App.4th 1559, 1566 (1996)).  There must

21   be actual injury for a cause of action for trespass to chattels to lie.  Id. at 1351.

22       Plaintiff alleges that Defendants' use of his prescription information intentionally

23   interferes with the possession of Plaintiff's personal property and that this interference

24   proximately caused Plaintiff damage by diminishing the value of his property interests and

25   preventing him from realizing the benefits from the sale of this information.  (FAC ¶¶ 90–91.)

26   Additionally, Plaintiff alleges Defendants' use prevented him and the Class from exercising

27   their rights under the CMIA to determine how their prescription information is used.  (Id. ¶ 92.)

28   Defendants assert, once again, that Plaintiff and the Class have no personal property right in

1   the de-identified data.  Defendants further argue that Defendants have not deprived Plaintiff

2   and the Class of the ability to use or sell their personal information.  (Doc. No. 18 at 24.)

3       The Court grants without prejudice Defendants' motion to dismiss Plaintiff's trespass

4   to personality claim.  Plaintiff fails to adequately allege Defendants sold any personal

5   information.  (See CMIA discussion, supra.)  The CMIA does not prevent Defendants from

6   using de-identified information.  Furthermore, Plaintiff fails to allege facts showing actual

7   injury to his ability to use or sell personal information rising above a speculative level.

8   **8.    Unfair Competition Law Claim**

9       Plaintiff's eighth cause of action alleges Defendants violated California's Unfair

10  Competition Laws ('UCL').  (FAC ¶¶ 94–100.)  The UCL prohibits "any unlawful, unfair or

11  fraudulent business act or practice."  CA. BUS. & PROF. CODE § 17200 (West 2008).  Persons

12  authorized to bring claims under the UCL are "those who have suffered injury in fact and lost

13  money or property as a result of the unfair competition."  CAL. BUS. & PROF. CODE § 17204.

14      According to Plaintiff, Defendants committed unlawful, unfair, and/or fraudulent

15  business practices by violating the California Constitution's privacy provision, violating the

16  CMIA's provisions on disclosure and destruction of medical records, engaging in

17  unprofessional conduct under California Business and Professions Code section 4156, and

18  violating Code of Pharmacy Regulations section 1704 (unauthorized disclosure of

19  prescriptions).  (FAC ¶¶ 95–96.)  Plaintiff alleges that Defendants' acts are unfair because the

20  utility of their conduct is outweighed by the gravity of harm it causes and that these acts

21  deprived Plaintiff of money and diminished the value of highly marketable information.  (Id.

22  ¶¶ 97–98.)  According to Plaintiff, Defendants' conduct is likely to deceive consumers and is

23  not outweighed by benefits to consumers or competition.  (Id. ¶ 97.) Defendants assert Plaintiff

24  fails to allege loss of money or profits, unlawful conduct, unfair conduct, and fraudulent

25  conduct.  (Doc. No. 18 at 24–25.)

26      The Court grants without prejudice Defendants' motion to dismiss Plaintiff's claim for

27  relief under the UCL.  Plaintiff fails to allege a predicate violation of another statutory

28  provision or law, as he fails to allege Defendants disclosed anything other than de-identified

1  data, permissible conduct under the CMIA.  Additionally, Plaintiff fails to allege loss of money

2  or profits above a speculative level.

3  **9.      Consumer Legal Remedies Act ("CLRA") Claim**

4          Plaintiff's ninth cause of action alleges Defendant New Albertson's violated the CLRA.

5  According to Plaintiff, New Albertson's violated sections 1770(a)(4), (a)(5), (a)(9), and (a)(14)

6  of the CLRA.  (FAC ¶¶ 101–105.)  These sections of the CLRA prohibit:

7          (4) Using deceptive representations or designations of geographic origin in connection

8          with goods or services; (5) Representing that goods or services have sponsorship,

9          approval, characteristics, ingredients, uses, benefits, or quantities which they do not

10          have or that a person has a sponsorship, approval, status, affiliation, or connection

11          which he or she does not have . . . ; (9) Advertising goods or services with intent not to

12          sell them as advertised . . . ; (14) Representing that a transaction confers or involves

13          rights, remedies, or obligations which it does not have or involve, or which are

14          prohibited by law.

15  CAL. CIV. CODE § 1770 (a)(4), (5), (9), & (14) (West 1998).

16          Specifically, Plaintiff contends Defendant New Albertson's deceived and misled

17  Plaintiff regarding its use of patient prescription medical information because it failed to

18  disclose that New Albertson's would use this information for purposes other than filling

19  prescriptions by selling it to third parties for pecuniary gain.  (FAC ¶ 103.)  Defendant New

20  Albertson's argues this claim must fail because the sale of de-identified information is not a

21  "good or service" under the CLRA.  (Doc. No. 18 at 28–29.)  Additionally, Defendant argues

22  (a)(14) has not been violated because New Albertson's made promises as to confidential

23  medical information, not as to de-identified information.  (Doc. No. 18 at 29.)

24          The Court grants without prejudice Defendant New Albertson's motion to dismiss the

25  CLRA claim.  Section 1770(a)(4) involving misrepresentations of geographic origin has no

26  applicability to the facts alleged in the FAC.  In regard to section 1770(a)(5), (9), and (14),

27  Plaintiff fails to allege New Albertson's made any misrepresentations concerning its

28  safeguarding of confidential medical information.  The alleged privacy notices promised to

1  comply with state and federal law.  Plaintiff fails to allege facts supporting a claim that New

2  Albertson's disclosed any information it promised to keep confidential.  Thus, the FAC fails

3  to allege New Albertson's provided services or entered into transactions other than as

4  represented in its privacy notices.

5

6  **II.  Defendants' Motion to Dismiss Pursuant to 12(b)(1)**

7        Defendants move to dismiss Plaintiff's FAC under Federal Rule of Civil Procedure

8  12(b)(1), for lack of subject matter jurisdiction.  Defendants assert that Plaintiff and the Class

9  lack standing to bring this lawsuit.  (Doc. No. 18 at 29–30.)  According to Defendants, Plaintiff

10  and the Class are third parties to the interests at issue, as the de-identified information sold to

11  DMCs is information about doctors and cannot be linked to Plaintiff and the Class individually.

12  (Id. at 30.)  Defendants argue physicians whose prescribing practices are revealed by the

13  aggregated data have first party standing to complain about data sales to DMCs and

14  pharmaceutical companies.  (Id. at 30.)

15        "For purposes of ruling on a motion to dismiss for want of standing, both the trial and

16  reviewing courts must accept as true all material allegations of the complaint, and must

17  construe the complaint in favor of the complaining party." Warth v. Seldin, 422 U.S. 490, 501

18  (1975); see also Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). The court does not

19  "speculate as to the plausibility of the plaintiff's allegations." Western Center for Journalism

20  v. Cederquist, 235 F.3d 1153, 1154 (9th Cir.2000).

21        Article III, §2 of the Constitution places the case or controversy limit on the federal

22  judiciary.  "[T]o satisfy Article III's standing requirements, a plaintiff must show (1) it has

23  suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not

24  conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the

25  defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be

26  redressed by a favorable decision." Friends of the Earth, Inc. v. Laidlaw Environmental Servs.

27  (TOC) Inc., 704, 528 U.S. 167, 179 (2000).

28        The Court concludes Plaintiff has standing to sue and denies Defendants' motion to

dismiss the FAC under Rule 12(b)(1).  Plaintiff's allegations in the FAC focus on Defendants' use of confidential prescription information provided by Plaintiff and the Class to Defendants' pharmacies in violation of the CMIA.  Plaintiff further alleges Defendants' conduct relating to this confidential medical information breached various other duties owing to Plaintiff and the Class in common law, the California Constitution, and California statutory provisions. Accepting as true Plaintiff's allegations that Defendants disclosed personal medical information to third parties, Plaintiff adequately plead an injury in fact that can be traced to action of the Defendants and is redressable by damages and other relief.

### Conclusion

For the reasons stated above, the Court DENIES Defendant Cerberus California's motion to dismiss the first amended complaint; GRANTS WITHOUT PREJUDICE Defendant New Albertson's, joined by Defendant Cerberus California, motion to dismiss causes of action one through nine of the first amended complaint pursuant to Rule 12(b)(6); and DENIES Defendant New Albertson's motion to dismiss the first amended complaint pursuant to Rule 12(b)(1).  The Court grants the Plaintiff leave to amend the complaint to correct the deficiencies of this pleading within 30 days of the date of this order.

IT IS SO ORDERED.

DATED: September 30, 2008

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

COPIES TO:
All parties of record.

08cv1173